7490046-04

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAS CAZUELAS MEXICAN RESTAURANT, LLC <br>     Plaintiff, <br><br> V. <br><br> TECHNOLOGY INSURANCE COMPANY, INC. AND LUIS ROSAS <br>     Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 5:23-CV-01498 |

## DEFENDANT TECHNOLOGY INSURANCE COMPANY, INC.'S NOTICE OF REMOVAL

Defendant TECHNOLOGY INSURANCE COMPANY, INC. ("Technology" or "Defendant"), files its Notice of Removal of this action from the 166th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

## I. INTRODUCTION

1. On November 1, 2023, Plaintiff Las Cazuelas Mexican Restaurant, LLC ("Plaintiff") filed its original petition in the 166th Judicial District Court, Bexar County, Texas captioned *Las Cazuelas Mexican Restaurant, LLC v. Technology Insurance Company, Inc. and Luis Rosas,* Cause Number 2023CI23552 (the "State Court Action").

7490046-04

2. Citation for the State Court Action was issued on November 3, 2023, and served on Defendant on November 8, 2023. Co-Defendant, Luis Ramos was served on November 8, 2023.

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. The Plaintiff seeks monetary damages over $500,000. *See* Exhibit "B" at page 2, paragraph 5. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs

5. Plaintiff at the time of the filing of this action was, has been at all times since, and still is a Limited Liability company located in Texas. *See* Exhibit "B," at page 2. For diversity purposes, the citizenship of an LLC is determined by the citizenship of all of its members. *See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.,* 435 F.3d 51 (1st Cir. 2006); *Handelsman v. Bedford Village Assocs. Ltd. P'ship,* 213 F.3d 48 (2nd Cir. 2000); *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114 (4th Cir. 2004); *Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed. Appx. 731 (6th Cir. 2002); *Wise v. Wachovia Securities, LLC*, 450 F.3d 265 (7th Cir. 2006); *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827 (8th Cir. 2004); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020 (11th Cir. 2004).

6. A search of available public records reveals that Plaintiff filed a Certificate of Formation of Limited Liability Company on March 24, 2011, with the Secretary of State for the State of Texas. *See* Exhibit "C" (Certificate of Formation). Under this filing, the citizenship of

7490046-04

all of the individual members of Plaintiff are listed as San Antonio, Texas. This filing lists three members including Ramiro F. Valadez, whose address is listed as 1607 Gaddis, San Antonio, Texas 78224; Ramiro Valdez Jr. whose address is listed as 10010 San Pedro Avenue, San Antonio, Texas 78216; and Hector C. Valadez whose address is listed as 105 Chattington, San Antonio, Texas 78213.

7. The members of Plaintiff identified in its 2022 Texas Franchise Tax Public Information Reports are Hector C. Valadez whose address is listed as 105 Chattington, San Antonio, Texas 78213, and Ramiro Valdez Jr. whose address is listed as 114 Warbler Way, San Antonio, Texas 78231. *See* Exhibit "D".

8. There are no names identified in Secretary of State records filed by or on behalf of Plaintiff that reside outside of San Antonio, Texas.

9. Based on exhaustive research of available information and upon information and belief, Plaintiff and all its members are citizens and residents of Texas.

10. It is clear from available public records that there are no persons or entities who own or control Plaintiff in Delaware, where Defendant is a citizen or New York, where Defendant maintains its principal place of business.

11. Defendant Technology Insurance Company, Inc. at the time of the filing of this action, at the time of this removal, at all relevant times since and is currently, a Delaware corporation with its principal place of business in New York. See *Hertz Corp. v. Friend, 559 U.S. 77 (2010)* (corporation's "nerve center" is its principal place of business for purposes of determining diversity jurisdiction) .

12. Plaintiff also named Luis Rosas ("Rosas") in flagrant violation of Texas law. Mr. Rosas was the claims representative who investigated the claim for Defendant. In response to a

3

7490046-04

Notice letter sent by Plaintiff, Defendant on two separate occasions agreed to assume the liability, if any of Mr. Rosas. *See* Exhibits "E" and "F." Rosas has been improperly joined but to the extent necessary, and without waiving his position on improper joinder, consents to the removal. *See* Exhibit "G."

9. Defendant has filed a Motion to Dismiss Rosas contemporaneously with this Notice of Removal. The dismissal of Rosas is mandatory under Texas law. The Texas legislature enacted Texas Insurance Code, Chapter 542A, which went into effect on September 1, 2017. Section 542A.006(a) provides that an insurer can elect to accept the liability of its agents. If that election is made, ". . . the court shall dismiss the action against the agent with prejudice." *See* Tex. Ins. Code §542A.006(c). Defendant exercised the election to accept any liability imposed on Rosas, if any, on August 28, 2023 and October 13, 2023 before being served with the lawsuit. *See* Exhibits "E" and "F." Plaintiff filed the lawsuit naming Rosas on November 1, 2023.

10. The allegations against Rosas must be disregarded for diversity purposes since Rosas must be dismissed under Texas law. As a result, there is complete diversity in this case.

11. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

12. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

7490046-04

13.     This Notice of Removal is filed within thirty (30) days after service on Defendant of the State Court Action. This Notice of Removal is also filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, is timely filed pursuant to 28 USC §1446 (b).

## III.
## PROCEDURAL REQUIREMENTS

14.     In accordance with 28 USC section 1446 (D), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of its Notice of Removal in the 166th Judicial District Court, Bexar County, Texas.

15.     Defendant reserves the right to amend or supplement this Notice of Removal.

16.     In accordance with 28 U.S.C. §1446(a) and the Local Rules the following are attached hereto:

| | | |
|---|---|---|
| Exhibit A: | State Court Docket Sheet |
| Exhibit B: | Plaintiff's Original Petition |
| Exhibit B-1: | Citation to Technology Insurance Company, Inc. |
| Exhibit B-2: | Return of Service to Technology Insurance Company, Inc. |
| Exhibit B-3: | Defendants' Original Answer |
| Exhibit B-4: | Defendants' Demand for Jury |
| Exhibit B-5: | Defendant Technology's Notice of Removal |
| Exhibit C: | Certificate of Formation for Las Cazuelas Mexican Restaurant, LLC |
| Exhibit D: | 2022 Texas Franchise Tax Public Information Report |
| Exhibit E: | Letter dated August 26, 2023 |
| Exhibit F: | Letter dated October 13, 2023 |
| Exhibit G: | Consent to Removal of Luis Rosas |

7490046-04

For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court

Dated: December 5, 2023.

                      Respectfully submitted,

                      **BROCK ♦ GUERRA**
                      **STRANDMO DIMALINE JONES, P.C.**
                      17339 Redland Road
                      San Antonio, Texas 78247-2304
                      (210) 979-0100 Telephone
                      (210) 979-7810 Facsimile

By: *[signature]*
       ROBERT F. SCHEIHING
       State Bar No. 0177363500
       bscheihing@brock.law

                      **ATTORNEYS FOR DEFENDANT,**
                      **TECHNOLOGY INSURANCE COMPANY, INC.**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel via email in compliance with the Federal Rules of Civil Procedure this 5th of December, 2023:

Brennan Kucera                       Email:  brennan@ck-firm.com
Crowell & Kucera, PLLC
2028 E. Ben White Blvd.
 Suite 240-2015
Austin, TX 78741

                      *[signature]*
                      ROBERT F. SCHEIHING